UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ROGELIO ALBERTO OLIVERO NAVA, § <br> LUIS ENRIQUE BRUZUAL CARRION, and § <br> JUAN CARLOS RUA CASTILLO, § <br>     Petitioners, § <br> § <br> VS. § <br> § <br> WARDEN OF PORT ISABEL SERVICE § <br> PROCESSING CENTER, *et al.*, § <br> § <br>     Respondents. § | CIVIL ACTION NO. 1:26-CV-230 |

## **TEMPORARY RESTRAINING ORDER**

Petitioners Rogelio Alberto Olivero Nava, Luis Enrique Bruzual Carrion, and Juan Carlos Rua Castillo are currently detained by Immigration and Customs Enforcement at immigration detention facilities within this Court's jurisdiction. (*See* Olivero Decl., Doc. 1-1, 2 (El Valle Detention Center); Bruzual Decl., Doc. 1–2, 2 (Port Isabel Service Processing Center); Rua Decl., Doc. 1–3, 2 (Port Isabel Service Processing Center))  Petitioners present a petition for writ of habeas corpus and a motion for a temporary restraining order, requesting their immediate release and alleging violations of their statutory and constitutional rights. (Pet., Doc. 1, 13; Motion, Doc. 2)

On March 4, 2026, the Court held a hearing on the requested relief and heard the arguments of counsel.  The Court established a briefing scheduling as to the issues that Petitioners present.

A final Order of Removal exists as to at least one Petitioner.  The Court finds that the removal of Petitioners by the United States would cause them immediate and irreparable injury, as they would be unable to seek habeas relief. *See Nieto-Ramirez v. Holder*, 583 F. App'x 330, 331 (5th Cir. 2014) (finding that habeas petition which challenged the denial of bond by the immigration judge was mooted by the detainee's subsequent removal).  The Court finds that

maintaining the status quo is required to afford the parties the ability to develop a fuller record for the Court to consider the pending issues, and to prevent immediate and irreparable injury.

"A federal court has the power under the All Writs Act to issue injunctive orders in a case even before the court's jurisdiction has been established. When potential jurisdiction exists, a federal court may issue status quo orders to ensure that once its jurisdiction is shown to exist, the court will be in a position to exercise it." *ITT Cmty. Dev. Corp. v. Barton*, 569 F.2d 1351, 1359 n.19 (5th Cir. 1978).

Accordingly, based on the Court's inherent powers and pursuant to Federal Rule of Civil Procedure 65, it is:

**ORDERED** that Respondents are enjoined from removing or deporting Petitioners Rogelio Alberto Olivero Nava, Luis Enrique Bruzual Carrion, and Juan Carlos Rua Castillo during the effective dates of this Temporary Restraining Order; and

**ORDERED** that Respondents are enjoined from transferring or relocating Petitioners Rogelio Alberto Olivero Nava, Luis Enrique Bruzual Carrion, and Juan Carlos Rua Castillo outside of Cameron County or Willacy County, both in Texas, during the effective dates of this Temporary Restraining Order.

The Court finds good cause to extend this Temporary Restraining Order beyond 14 days to allow adequate time for the parties to submit briefs and for the Court to consider the pending issues. This Temporary Restraining Order shall expire on the earlier of 5:00 p.m. (central standard time) on Wednesday, April 8, 2026, or by Order of the Court.

Based on the record and the applicable law, the Court also finds that no security is required at this time under Federal Rule of Civil Procedure 65(c). *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (noting that a court "may elect to require no security at all" under Rule 65(c)).

Issued on March 4, 2026, at 3:00 p.m. (central standard time) in Brownsville, Texas.

_____
Fernando Rodriguez, Jr.
United States District Judge